# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

**MARCH TERM, 1923**

---

MARIE O. LOCH

*v.*

HERMAN MUETZ et ux et al.

[Decided March 3d, 1924.]

1. The holder of a mortgage upon premises which are afterward made the subject of a resulting trust is not affected thereby, so far as his right to foreclose his mortgage, because of the default in the payment of the mortgage debt is concerned; and notice of the existence of such trust, not given to him until after the sale of the mortgaged premises has been decreed in a suit instituted by him for the foreclosure of his mortgage, does not operate to limit his right to enforce such decree by a sale under the *fi. fa.*

2. The title of a purchaser at a valid foreclosure sale is not affected by the fact that prior to such sale he had learned that the record owner of the mortgaged premises held them subject to a resulting trust which had been created subsequent to the making of the mortgage under which the sale was had. The rights of the beneficiaries of such trust are extinguished by the sheriff's deed, notwithstanding such knowledge on the part of the purchaser.

On appeal from decree in chancery advised by Vice-Chancellor Lewis, whose opinion is reported in *94 N. J. Eq. 615.*

*Mr. Charles L. Carrick,* for the appellants.

*Mr. J. Emil Walscheid,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.

The bill in this case was filed to establish a resulting trust in two separate parcels of land located in the town of Weehawken. The hearing resulted in the establishment of the trust. The evidence justified the vice-chancellor in finding the following facts: That the complainant's father, Charles L. Gerdts, on May 5th, 1898, purchased a tract of land known in the case as the Boulevard lots, from one Samuel E. Renner, and took title thereto in the name of one Herman Muetz, the purchase money having been paid by Gerdts; that this property was conveyed to Muetz subject to a mortgage of $5,500 thereon and held by one Charles F. Ebsen; that in March, 1902, Gerdts purchased another piece of property from Renner, known in the case as the Duer place tract, and paid the purchase money for it; that the deed for this second tract was also taken in the name of Muetz; that Muetz held these two tracts, charged with a resulting trust in favor of Gerdts, although no declaration of trust was ever executed.

Further material facts, which are undisputed, and which are necessary to be considered in the determination of this appeal, are as follows: In January, 1905, Muetz executed a mortgage on the Duer place tract to one Louisa M. Heinrichsen for $1,000, and the complainant admits that this mortgage constitutes a valid lien upon this tract. In March, 1920, Gerdts died, after an illness of many years, leaving as his heirs-at-laws the present complainant and a son, Charles, who died in 1921, leaving an infant son. In July, 1920, Muetz absconded, being at that time heavily indebted, and

two of his creditors, Dora B. Wettlaufer and Eliza Yutte, brought a suit in attachment against him, and recovered a judgment therein for the sum of $19,538. In the latter part of 1920 bills were filed by the respective holders of the mortgages above mentioned for the foreclosure thereof, and Wettlaufer and Yutte were made defendants in each of these suits as the holders of apparent liens upon the mortgaged premises. A decree in foreclosure was entered in each of these proceedings in May, 1921. After the entry of these decrees, but before a sale under either of them, the present complainant, acting for herself and her nephew, notified the respective complainants in the foreclosure suits that she and her nephew, as the heirs-at-law of her deceased father, claimed to be the equitable owners of the premises covered by the mortgages, and were entitled to be heard in the foreclosure suits upon the question of the validity of the lien of the Wettlaufer and Yutte judgment, her contention being that the equitable title of her father's heirs-at-law was not subject thereto. On June 9th, 1921, notwithstanding the notice that had been given, these two properties were sold under the foreclosure proceedings. The purchasers of the Boulevard tract were Wettlaufer and Yutte, the property being struck off to them for the price of $16,000. The Duer place tract was sold for $6,700 to a party not interested in the litigation, but the sale was never confirmed, the purchaser refusing to take the property because of the complainant's claim, and being subsequently relieved of his bid by the court.

On the facts above recited the vice-chancellor concluded that neither the several mortgagees nor the two judgment creditors of Muetz were in a position to object to the enforcement of the resulting trust; that the holder of the Ebsen mortgage could not extinguish that trust, so far as it affected the Boulevard tract, by a foreclosure suit; that the judgment creditors, assuming that they had an apparent lien upon the property, could not enforce it against the paramount right of the complainant, and that, consequently, they held the Boulevard tract, which they had purchased at the sheriff's

sale, subject to the resulting trust in favor of the complainant
and her coheir-at-law.  He further held that the complainant
and her coheir were entitled to have their rights under the
resulting trust confirmed as to the Duer tract; to hold the
same free from any claim of the defendants, Wettlaufer and
Yutte, and to redeem the same from the lien of the Heinrich-
sen mortgage.

We concur in the view expressed by the vice-chancellor in
relation to the rights of the parties so far as the Duer tract
is concerned, and affirm the decree to that extent.  We dis-
sent, however, from the view expressed by him with relation
to the respective rights of the complainant, of the holder of
the mortgage upon the Boulevard tract, and of the purchasers
of that tract under the foreclosure sale thereof.  The mort-
gage upon that tract was a lien thereon prior to the purchase
thereof by Gerdts and the making of the deed to Muetz, and,
consequently, neither the original holder of the mortgage,
Ebsen, nor his legal representatives (he having died prior to
the institution of the present suit) were at all affected by the
subsequently created resulting trust and their right to fore-
closure of the mortgage upon default could not be prejudiced
thereby.  It is not claimed that Ebsen or his legal representa-
tives had any knowledge of the existence of that trust prior to
or at the time of the filing of the foreclosure bill or of the entry
of the final decree, and, consequently, their right to a sale of
the mortgaged premises could not have been affected by
reason of their failure to make the complainant a party to
the foreclosure proceedings.  It may be conceded that the
holder of this mortgage would have been compelled to cancel
it or assign it to the complainant prior to the foreclosure sale
upon being paid the principal and interest due thereon; but
no such payment was offered to be made.  In this situation
the foreclosure sale was a perfectly valid one and the title to
the mortgaged premises passed to the purchaser at that sale
entirely unaffected by the trust.  That this would have been
the case if Mr. X or Mr. Y had been the purchaser cannot
be doubted.  The fact that the purchaser was a judgment

creditor of Muetz, claiming to have a lien upon the mortgaged premises is immaterial; nor did knowledge of the existence of the trust, acquired before the sale, disqualify her as a bidder. The sale was open to the world, and the right of the holder of the mortgage to have the property struck off to the highest bidder could not be affected by an unsubstantial claim on the part of such bidder that she was entitled to share in the distribution of the proceeds of the sale, or by previous knowledge on her part of the existence of the trust. The effect of the sale was not to destroy the trust, but to shift it from the land itself to so much of the purchase money as remained after satisfying the principal of the mortgage debt, with interest thereon and the costs of the foreclosure.

We conclude, therefore, that so much of the decree as impresses a trust upon the Boulevard tract in the hands of the purchaser at the foreclosure sale must be reversed, together with such other parts of the decree as are based upon that adjudication.

*For affirmance*—None.

*For reversal*—None.

*For modification* — THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK—12.